UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23048-GAYLES/REID

**CHARLTON LACHASE**,

    Plaintiff,

v.

**TRUMP ADMINISTRATION**,

    Defendant.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On July 23, 2020, Plaintiff Charlton LaChase, appearing *pro se*, brought this action against the Trump Administration and moved to proceed *in forma pauperis*. [ECF Nos. 1, 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious[.]" 28 U.S.C. § 1915(e)(2). "A complaint is frivolous if it is without arguable merit either in law or in fact." *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (citation omitted); *see Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous for [§ 1915(e)(2)(B)(i)] when it appears the plaintiff 'has little or no chance of success.'") (citation omitted).

"[T]he pleadings are construed broadly[,]" *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing Plaintiff's Complaint, the Court applies the "liberal construction to which *pro*

*se* pleadings are entitled[.]" *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold[.]" *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Plaintiff, who is deaf and mute, brings claims under 42 U.S.C. § 1983 against the Trump Administration for its failure to provide an American Sign Language interpreter during announcements on "national news." [ECF No. 1 at 1]. Plaintiff also appears to bring his claims pursuant to section 504 of the Americans with Disability Act ("ADA") and of the Rehabilitation Act of 1973 (the "Rehabilitation Act"). As Plaintiff does not allege that he was discriminated against in private employment, the Court construes his ADA claims to fall within the ambit of Title II and Title III. *See A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) (". . . Title I prohibits discrimination in private employment; Title II prohibits discrimination by public entities (state or local governments); and Title III prohibits discrimination by a 'place of public accommodation[.]'") (citations omitted).

Plaintiff's ADA claims must be dismissed as frivolous because neither Title II nor Title III apply to the federal government. *See Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) (". . . Title II of the ADA is not applicable to the federal government."); *see also Agee v. United States*, 72 Fed. Cl. 284, 289 (Fed. Cl. 2006) ("[U]nder Title III, the Federal Government is not a private entity operating a public accommodation or service. Therefore, Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims.") (citations omitted). Plaintiff's claims under the Rehabilitation Act are also without merit because none of Plaintiff's allegations involve employment. *See Boone v. Rumsfeld*, 172 F. App'x 268, 270 (11th

Cir. 2006) ("Section 504 of the Rehabilitation Act of 1973 prohibits federal agencies from discriminating against 'otherwise qualified' disabled employees.") (citing 29 U.S.C. § 794(a)).

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Complaint [ECF No. 1] shall be **DISMISSED without prejudice**;

(2) All pending motions shall be **DENIED as moot**; and

(3) The case shall be **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of July, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE